IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARVIN S. BURROUGHS,  :
               Petitioner,  :
               :
v.  :   Civil Action No. 16-1074-RGA
               :
DANA METZGER, Warden, and  :
ATTORNEY GENERAL OF THE  :
STATE OF DELAWARE,  :
               Respondent.[1]  :

## MEMORANDUM OPINION

Marvin S. Burroughs. *Pro se* Petitioner.

Kathryn Joy Garrison, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

November 19, 2018
Wilmington, Delaware

---

[1] Warden Dana Metzger has replaced former Warden David Pierce, an original party to this case. *See* Fed. R. Civ. P. 25(d).

*signature* 
ANDREWS, UNITED STATES DISTRICT JUDGE:

Petitioner Marvin S. Burroughs ("Petitioner") is an inmate in custody at the James T. Vaughn Correctional Center in Smyrna, Delaware. Petitioner filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 3) The State filed an Answer in opposition, asserting that the Petition should be dismissed because the claims are not cognizable on federal habeas review or, alternatively, because they are time-barred. (D.I. 8) For the reasons discussed, the Court will deny the Petition.

## I.   BACKGROUND

On May 16, 2008, a Delaware Superior Court jury convicted Petitioner of first degree robbery, possession of firearm during the commission of a felony, possession of a deadly weapon by a person prohibited, and second degree conspiracy. *See State v. Burroughs*, 2016 WL 1436949, at *2 (Del. Super. Ct. Apr. 4, 2016). The Superior Court sentenced Petitioner as a habitual offender on May 15, 2009 to life imprisonment plus thirty-five years of Level V incarceration. (D.I. 8 at 1) The Delaware Supreme Court affirmed Petitioner's convictions on January 26, 2010. *See Burroughs v. State*, 988 A.2d 445, 451 (Del. 2010).

On February 22, 2011, Petitioner filed a motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). *See State v. Burroughs*, 2013 WL 11277121, at *2 (Del. Super. Ct. Oct. 17, 2013). The Superior Court denied the Rule 61 motion on October 17, 2013, *see id.* at *4, and Petitioner filed an appeal on February 11, 2014. *See Burroughs v. State*, 91 A.3d 561 (Table), 2014 WL 1515102, at *1 (Del. Apr. 16, 2014). The Delaware Supreme Court dismissed the appeal as untimely and remanded the matter so that the Superior Court could appoint counsel to represent Petitioner in filing a second Rule 61 motion. *See Burroughs*, 2014 WL 1515102, at *1. The Superior Court appointed new counsel

for Petitioner, who then filed a second amended Rule 61 motion on May 4, 2015. (D.I. 8 at 3; D.I. 11-5 at 20) The Superior Court denied the Rule 61 motion on April 4, 2016. *See Burroughs*, 2016 WL 1436949, at *7. The Delaware Supreme Court affirmed that decision on October 27, 2016. *See Burroughs v. State*, 150 A.3d 776 (Table), 2016 WL 6311116, at *1 (Del. Oct. 27, 2016).

Petitioner filed the instant Petition in November 2016, asserting the following three grounds for relief: (1) the Delaware State Courts erred by denying Petitioner's claim alleging that post-conviction counsel provided ineffective assistance by withdrawing an ineffective assistance of appellate counsel claim; (2) the Delaware State Courts erred by denying Petitioner's claim alleging that post-conviction counsel provided ineffective assistance by failing to assert an ineffective assistance of trial counsel claim; and (3) prior postconviction counsel provided ineffective assistance by failing to assert that there was insufficient evidence to convict in light of the trial court's discrediting Smullen's testimony. (D.I. 3)

## II. COGNIZABILITY

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Allegations of error in state collateral proceedings are not cognizable on federal habeas review, because "the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state . . . proceeding that actually led to the petitioner's conviction." *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) ("what occurred in the petitioner's *collateral* proceeding does not enter in to the habeas calculation.") (emphasis in original). Moreover, a claim asserting the ineffective assistance of post-conviction

counsel does not assert an issue cognizable on federal habeas review, because a petitioner does not have Sixth Amendment right to counsel in collateral proceedings. *See Martinez v. Ryan*, 566 U.S. 1, 9 (2012) (Supreme Court explicitly refrained from recognizing or creating an automatic constitutional right to counsel in collateral proceedings).

Claims One, Two, and Three allege that post-conviction counsel provided ineffective assistance during Petitioner's collateral proceedings, and also that the Delaware State Courts erred in denying him relief on post-conviction review. Since none of the arguments assert issues cognizable on federal habeas review, the Court will deny these three Claims for failing to assert a proper basis for federal habeas relief.

### III. ONE YEAR STATUTE OF LIMITATIONS

Even if the Claims were cognizable on habeas review, they are time-barred. AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

In this case, the one-year period of limitations began to run when Petitioner's convictions became final under § 2244(d)(1)(A), because there are no facts triggering the application of § 2244(d)(1)(B), (C), or (D). Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final, and the statute of limitations begins to run, upon expiration of the ninety-day time period allowed for seeking certiorari review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Supreme Court affirmed Petitioner's convictions and sentences on January 26, 2010,[2] and he did not file a petition for a writ of certiorari in the United States Supreme Court. As a result, Petitioner's convictions became final on April 27, 2010. Applying the one-year limitations period to that date, Petitioner had until April 27, 2011 to timely file a habeas petition. *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations

---

[2]Although the Delaware Supreme Court issued its mandate on February 3, 2010, the proper date for calculating the finality of Petitioner's conviction under § 2244(d)(1) is January 26, 2010, the date of the Delaware Supreme Court's decision. *See Clay v. United States,* 537 U.S. 522, 527, 530 (2003) ("The words 'by the conclusion of direct review or the expiration of the time for seeking such review' make it clear that finality for the purpose of § 2244(d)(1)(A) is to be determined by reference to a uniform federal rule," and the uniform federal rule is United States Supreme Court Rule 13(3)); *see also* Sup.Ct. R. 13(3) ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice).").

4

period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the triggering event). Petitioner, however, did not file the instant Petition until November 21, 2016,[3] approximately five and one-half years after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158. The Court will discuss each doctrine in turn.

## A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers,* 204 F.3d 417, 420-24 (3d Cir. 2000). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed or when an out-of-time appeal is filed.[4] *Id.* at 424. Conversely, the limitations period is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court

---

[3] Although the Petition is unsigned, it was submitted for e-filing by prison authorities on November 21, 2016. Consequently, pursuant to the prisoner mailbox rule, the Court adopts November 21, 2016 as the filing date. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

[4] Notably, however, when an out-of-time appeal is filed, the limitations period is not tolled for the time-span between the expiration of the time to appeal and the date on which the out-of-time appeal was filed or decided. *See, e.g., Jenkins v. Sup't Laurel Highlands,* 705 F.3d 80, 88 n.11 (3d Cir. 2013) ("AEDPA's limitation period cannot be statutorily tolled between December 10, 2009, the expiration date for Jenkins to file a petition for allowance of appeal, and December 29, 2009, the date he perfected his pleading."); *Swartz,* 204 F.3d at 423 n.6 ("We . . . agree that the time during which Swartz's nunc pro tunc request for allowance of appeal was pending does not toll the statute of limitation.").

5

regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

When Petitioner filed his Rule 61 motion on February 22, 2011, 300 days of AEDPA's limitations period had already lapsed. The Superior Court denied the Rule 61 motion on October 17, 2013, Petitioner filed a notice of appeal on February 11, 2014, and the Delaware Supreme Court dismissed the appeal as untimely on April 16, 2014. *See Burroughs*, 2014 WL 1515102, at *1. In these circumstances, the Rule 61 motion tolled the limitations period from February 22, 2011 through November 18, 2013,[5] which includes the thirty-day period for filing a timely appeal of the Superior Court's denial of the Rule 61 motion. The limitations clock started to run again on November 19, 2013, and ran the remaining sixty-five days without interruption until the limitations period expired on January 23, 2014. Petitioner's second Rule 61 motion, filed on May 4, 2015, has no statutory tolling effect, because it was filed after the expiration of the one-year limitations period. Thus, even with the statutory tolling resulting from his first Rule 61 motion, Petitioner filed the instant Petition almost three full years too late. Accordingly, the Petition is time-barred, unless equitable tolling applies.

### B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the

---

[5]The untimely notice of appeal from the Superior Court's decision, filed on February 11, 2014, has no statutory tolling effect because it was not "properly filed" for purposes of § 2244(d)(2). *See Swartz*, 204 F.3d at 423 n.6.

6

late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). Notably, an extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013).

Petitioner does not assert, and the Court does not discern, that any extraordinary circumstances prevented him from filing his Petition in a timely manner. Long after the State filed its Answer, Petitioner filed a Motion to Amend asserting that he "would like to list the claim of actual innocence rather than the previously listed claim of ineffective assistance of counsel." (D.I. 13 at 1) To the extent the Motion to Amend should be liberally construed as an attempt to allege actual innocence as a basis for equitable tolling, it is unavailing. In *McQuiggin v. Perkins*, 569 U.S. 383, 386, 401 (2013), the Supreme Court held that a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. However, the *McQuiggin* Court cautioned that "tenable actual-innocence gateway pleas are rare," and a petitioner only meets the threshold requirement by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386. An actual innocence claim must be based on "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence [] that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Here, Petitioner's bare-bone and

7

unsupported statement of actual innocence does not warrant equitable tolling because it does not assert or constitute new reliable factual evidence of his actual innocence as required by *Schlup*.

Additionally, to the extent Petitioner's reference to post-conviction counsel's alleged ineffective assistance should be liberally construed as a basis for equitable tolling pursuant to *Martinez v. Ryan,* 566 U.S. 1 (2012), the argument is unavailing. By its own terms, the *Martinez* decision provides a petitioner with an opportunity to overcome a procedural default of an ineffective assistance of trial counsel claim, but does not in any way impact a petitioner's obligation to comply with AEDPA's limitations period.

Finally, if Petitioner's late filing was due to a lack of legal knowledge or miscalculation of the one-year filing period, such circumstances do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). For all these reasons, the Court concludes that the equitable tolling doctrine does not apply in this case.

### III. PENDING MOTIONS

Petitioner filed a Motion to Amend (D.I. 13) and a Motion to Appoint Counsel (D.I. 14) during the pendency of this proceeding. Having determined that the Petition must be dismissed because it asserts non-cognizable claims and is also time-barred, the Court will dismiss the motions as moot.

### IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability

unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that the instant Petition should be dismissed because none of the Claims asserted therein are cognizable, and also because it is time-barred. Reasonable jurists would not find this conclusion to be debatable. Therefore, the Court will not issue a certificate of appealability.

## V.     CONCLUSION

For the reasons discussed, the Court will dismiss the Petition without holding an evidentiary hearing. An appropriate Order will be entered.